RICHARD R. SMITH v. RUSHING CONSTRUCTION CO., A NORTH CAROLINA CORPORATION

No. 8620DC285

(Filed 17 March 1987)

**Uniform Commercial Code § 28 — terms of note conflicting — words controlling over numbers — issue as to whether note satisfied**

Where a promissory note provided that plaintiff would pay $14,000 at an interest rate of 12% per annum on the unpaid balance until paid, and the note also provided that principal and interest were payable in 84 equal monthly installments of $306.67 until paid in full, terms of the note were conflicting; therefore, the words "until paid in full" controlled over the number "84," but a genuine issue of material fact existed as to whether plaintiff had in fact satisfied his obligation to pay $14,000 at an interest rate of 12% per annum on the unpaid balance. N.C.G.S. § 25-3-118.

APPEAL by defendant from *Honeycutt, Judge*. Order entered 9 January 1986 in District Court, UNION County. Heard in the Court of Appeals 23 September 1986.

Smith v. Rushing Construction Co.

This is a civil action seeking a declaratory judgment as to whether a promissory note executed by plaintiff in favor of defendant had been satisfied in full.

On 28 January 1980, plaintiff entered into a written "Agreement" with defendant to purchase a lot and mobile home. The agreement stated that defendant would finance the balance of $14,000.00 "for 7 years bearing 12% [i]nterest." The agreement further provided "([i]nterest will be $1,680.00 yearly or total of [$]11,760.00). Can be prepaid anytime without penalty, (84 payments of $306.67)."

On 27 February 1980, plaintiff executed a promissory note and deed of trust in favor of defendant. For both instruments, the standard North Carolina Bar forms were used. In the note, plaintiff promises to pay "the principal sum of FOURTEEN THOUSAND AND NO/100 DOLLARS ($14,000.00), with interest from date, at the rate of twelve (12%) per cent per annum on the unpaid balance until paid or until default . . . ." (Underlining indicates typewritten filled-in blanks on the printed form.) The form further provided that principal and interest were due and payable as follows:

Payable in 84 equal monthly installments of $306.67 each, beginning the 27th day of March, 1980, and continuing on the 27th day of each month thereafter until paid in full.

This note may be prepaid in whole or in part at any time without penalty.

This provision was typed onto the form.

Subsequent to the execution of these instruments, plaintiff took possession of the lot and mobile home and made sixty-two consecutive payments in accordance with the terms of the written agreement and promissory note. After making the 62nd $306.67 installment which was due 27 April 1985, plaintiff asserted that his obligation under the note was satisfied, that the debt had been paid in full, and that he had made an overpayment of $220.50. Plaintiff demanded that the note and deed of trust be marked paid and satisfied in full and canceled of record. Defendant refused plaintiff's demand.

On 25 September 1985, plaintiff instituted this action seeking a declaratory judgment as to any balance due under the promis-

sory note and discharge and release of record of the deed of trust given in connection with the note. By way of answer and counterclaim, defendant denied that the promissory note was satisfied, asserted that plaintiff was in default under the terms of the promissory note, and sought the balance due under the note, plus attorney's fees.

Both parties filed motions for summary judgment and supporting affidavits. From an order granting summary judgment in favor of plaintiff, defendant appealed.

*Dawkins and Lee, P.A., by W. David Lee for plaintiff-appellee.*

*Smith and Cox by Ronald H. Cox for defendant-appellant.*

PARKER, Judge.

In its sole assignment of error, defendant contends the court erred in granting summary judgment in favor of plaintiff. Summary judgment is a procedure whereby judgment is rendered if the pleadings, depositions, interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

The promissory note involved is a negotiable instrument within the meaning of the Uniform Commercial Code, G.S. 25-3-104, and as such the interpretation of the note is governed by the provisions therein. In order to be a negotiable instrument, the note must be signed and must contain an unconditional promise to pay a sum certain in money to order or to bearer on demand or at a definite time. *Id.* The unconditional promise made by plaintiff in this case was to pay to defendant or to order "the principal sum of FOURTEEN THOUSAND AND NO/100 DOLLARS ($14,000), with interest from date, at the rate of twelve (12%) percent per annum on the unpaid balance . . . ."

Defendant acknowledges that plaintiff's obligation to pay the debt is controlled by the terms of the promissory note, but contends that the 28 January 1980 agreement stating the dollar amount of interest and the promissory note should be interpreted together such that the amount and number of monthly install-

---

**Smith v. Rushing Construction Co.**

---

ments would control over plaintiff's promise to pay. Under defendant's interpretation of the note, plaintiff would be paying an interest rate of 19.4981%, as reflected on the amortization schedule forwarded to plaintiff after closing. Nowhere on any document signed by the parties is it disclosed that plaintiff will pay anything other than 12% interest.

The rules governing construction of a negotiable instrument are set forth in G.S. 25-3-118. General Statute 25-3-118(b) provides that the typewritten provisions control over printed provisions in a document. In this note, there is ambiguity within the typewritten material itself. The interest rate of 12% is typewritten and the terms "[p]ayable in 84 equal monthly installments of $306.67 each, beginning the 27th day of March, 1980, and continuing on the 27th day of each month thereafter until paid in full" are typewritten. Because plaintiff promised to pay $14,000 at an interest rate of 12% per annum on the unpaid balance, the words "until paid in full" conflict with the number of payments called for, 84. With monthly payments of $306.67, the indebtedness would be satisfied in full in less than 84 payments. Under G.S. 25-3-118(c), words control figures unless the words themselves are ambiguous. There is no ambiguity in the phrase "until paid in full"; therefore, those words control over the number "84."

Although the trial court correctly interpreted the note, we believe that a genuine issue of material fact remains as to whether plaintiff has, in fact, satisfied his obligation to pay $14,000 at an interest rate of 12% per annum on the unpaid balance. Nothing in the record indicates what the total principal plus interest would have been and that plaintiff has in fact satisfied this obligation. Plaintiff's bare assertions in his unverified complaint, which were denied by defendant, are insufficient to support entry of summary judgment for plaintiff. G.S. 1A-1, Rule 56(e).

Summary judgment for plaintiff must be vacated, and the case remanded to the District Court of Union County for proceedings to determine whether plaintiff has indeed satisfied his obligations under the note as alleged in his pleading.

Vacated and remanded.

Judges PHILLIPS and COZORT concur.