L. GENE GRAY v. CARL V. VENTERS, JR.

No. 883SC348

(Filed 17 January 1989)

**Uniform Commercial Code § 28— text of notes in conflict with schedules—text controlling**

In a declaratory judgment proceeding to determine the amount plaintiff owed defendant under the notes he admittedly signed or assumed, the trial court properly ruled that the text of the notes, which was in conflict with schedules stating in dollars and cents the installments to be paid, governed, and the court properly reformed the installment schedules so that the final installments of both notes amounted to the principal which remained unpaid after all payments had been credited in accord with the terms of the notes requiring 8% interest on unpaid principal, rather than the miscalculated figures called for in the installment schedules. N.C.G.S. § 25-3-118.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 30 September 1987 in Superior Court, PITT County. Heard in the Court of Appeals 4 October 1988.

*James, Hite, Avery & Duke, by Melanie A. Hite and W. Russell Duke, Jr., for plaintiff appellant.*

*Everett, Everett, Warren & Harper, by C. W. Everett, Jr., for defendant appellee.*

PHILLIPS, Judge.

Plaintiff brought this declaratory judgment proceeding to determine the amount he owes defendant under two notes he admittedly signed or assumed, and his appeal is from the determination made. The facts pertinent thereto follow:

In June 1978 plaintiff and H. Steve Hardy, under two identical written contracts (except that one was for 72 shares at their price and the other was for 69 shares), bought 141 shares of the capital stock of Farmville Broadcasting Co., Inc. from defendant for $258,622. As the contracts provided they paid $58,622 down and for their respective parts of the $200,000 purchase price balance they executed separate notes payable in 145 successive monthly installments, the last of which was a balloon installment. Except for the principal owed and the installments to be paid the notes were identical. They provided for the payment of the principal together with interest from date at the rate of 8% per annum in 145 successive monthly installments "of principal and interest . . . in such amount sufficient to pay the total amount of principal and interest then due"; and they contained schedules that stated in dollar and cent figures the installments to be paid, which varied from period to period during the first 144 months, and that stated final installments amounting to $56,000. Which, though the parties did not realize it, was about $70,000 less than the principal that would have been still unpaid if all 144 installments had been paid as scheduled; for the installment schedules were such that many installments were not even enough to pay the 8% interest due on the principal amount and many others reduced the principal but slightly. Thus, eight years later when plaintiff tendered defendant a check for the balance due according to the installment schedules, defendant calculated the balance due according to the text of the notes and refused to accept it, and this lawsuit followed.

After hearing the matter the court, upon findings and conclusions that include the above and that the final installments were

miscalculated and the result of a mutual mistake of fact, ruled that the text of the notes governed and reformed the installment schedules so that the final installments of both notes amounted to the principal that remained unpaid after all payments had been credited in accord with the terms of the notes requiring 8% interest on unpaid principal. The judgment is correct and we affirm it.

Both notes are negotiable instruments, the interpretation of which is governed by Article 3 of the Uniform Commercial Code. *Smith v. Rushing Construction Co.*, 84 N.C. App. 692, 353 S.E. 2d 692 (1987). The text of the notes is without ambiguity or conflict and cannot be misconstrued; the words employed obligated the makers without qualification to pay defendant $200,000 in principal, not some lesser sum, together with 8% interest on the unpaid amount in successive monthly installments "sufficient to pay the total amount of principal and interest then due." The only conflict in the notes is that the final installments stated in the schedules were not sufficient to pay "the total amount of principal and interest then due," as the text required. G.S. 25-3-118 provides that when conflicts in a negotiable instrument occur between unambiguous words and figures "words control figures." Thus, the court's conclusion that the miscalculated figures in the installment schedules are overcome by the unambiguous words of the notes requiring the payment of $200,000, together with interest on it, and that the installment figures should be reformed to comply with the words, is correct as a matter of law.

The interpretation of the notes that plaintiff appellant seeks — that they required the makers to pay only the amounts stated in the miscalculated installment schedules — is not only contrary to the statute governing the construction of negotiable instruments, it is also contrary to reason. For such an interpretation would leave unpaid a substantial part of the principal that the makers unqualifiedly promised to pay and would enable him to acquire the stock purchased at substantially less cost than was agreed to, not only in the notes, but in the contracts upon which they were based.

Affirmed.

Judges EAGLES and PARKER concur.